United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41533
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANSELMO MIRANDA-SANCHEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-797-ALL
---------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:*

Anselmo Miranda-Sanchez (Miranda) appeals his conviction and

sentence for attempted illegal reentry after a previous

deportation.  Miranda argues that the district committed

reversible error under United States v. Booker, 543 U.S. 220, 125

S. Ct. 738 (2005), by sentencing him pursuant to a mandatory

application of the Sentencing Guidelines.

There was no "Booker" error or Sixth Amendment violation

because the only enhancement to Miranda's sentence was for his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

prior conviction.  See Booker, 543 U.S. at ___, 125 S. Ct. at 756, 769.  Nevertheless, the district court committed "Fanfan" error by sentencing Miranda pursuant to a mandatory guidelines scheme.  United States v. Walters, 418 F.3d 461, 463-64 (5th Cir. 2005).  Although Miranda contends that such error is structural, he acknowledges that this argument is foreclosed by circuit precedent; he raises the issue merely to preserve it for further review.

As the Government concedes that Miranda preserved his Fanfan claim, we review Miranda's argument for harmless error.  See Walters, 418 F.3d at 464.  Nothing in the record indicates that the district court would have imposed the same sentence had the Sentencing Guidelines been advisory rather than mandatory.  Accordingly, we vacate Miranda's sentence and remand for resentencing in accordance with Booker.

Miranda also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional on their face and as applied in his case in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).  Miranda's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  Although Miranda contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding.  See United

States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).  Miranda properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.  Accordingly, Miranda's conviction is affirmed.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED.